## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**MARY SMITH-JONES**                                          **PLAINTIFF**

**V.**                           **No. 4:25-CV-00304-LPR-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner**                                              **DEFENDANT**

### RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

### I.      Background

On August 1, 2022, Ms. Mary Smith-Jones filed an application for benefits due to neck problems. *Tr. 52.*

Ms. Smith-Jones' claim was denied initially and upon reconsideration. At Ms. Smith-Jones' request, an Administrative Law Judge ("ALJ") held a hearing on February 14, 2024, and the ALJ heard testimony from Ms. Smith-Jones and a vocational expert ("VE"). *Tr. 13, 29-51.* The ALJ issued a decision on April 12, 2024, finding that Ms. Smith-Jones was not disabled. *Tr. 13-24.* The Appeals

Council denied Ms. Smith-Jones' request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 6-9.*

Ms. Smith-Jones, who was sixty-three years old at the time of the hearing, has a college degree and past relevant work experience as a coordinator in a skill-training program and as a secretary. *Tr. 22, 52-56.* She meets the insured status requirements of the Social Security Act through September 30, 3027. *Tr. 15.*

## II.    The ALJ's Decision[1]

The ALJ found that Ms. Smith-Jones had not engaged in substantial gainful activity since the alleged onset date of July 1, 2022, through the date of the ALJ's decision. *Tr. 15, 22.* The ALJ also concluded that Ms. Smith-Jones had the following severe impairments: degenerative disc disease of the cervical and lumbar spines; remote (1997) dislocation of a disc of the cervical spine; osteoarthritis of the bilateral knees; obstructive sleep apnea; obesity; depression; and anxiety. *Tr. 16.* However, the ALJ concluded that Ms. Smith-Jones did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 16-17.*

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

According to the ALJ, Ms. Smith-Jones had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) no climbing of ladders, ropes, or scaffolds; (2) no more than frequent climbing of ramps and stairs; (3) no more than frequent balancing, stooping, and crouching; (4) less than occasional kneeling and crawling; (5) no more than frequent reaching with the bilateral upper extremities; (6) can [not] perform movements of the neck that require rapid, repetitive, side-to-side (lateral turning) or up-and-down (extension/flexion) motion, but can perform such movements at a normal pace frequently throughout an 8-hour workday, but only to 75% of the normal range in all planes;[2] (7) can maintain adequate concentration, persistence, and pace to remain on-task for all work except assembly line and production paced work tasks; (8) no more than frequently adapt to changes in workplace methods and routines. *Tr. 17-18*.

In response to hypothetical questions incorporating the above limitations, the VE testified that Ms. Smith-Jones was capable of performing past relevant work as a coordinator in skill training and as a secretary, both jobs performed at the sedentary exertional level. *Tr. 22, 47-49*. Accordingly, based on this step four finding, the ALJ determined that Ms. Smith-Jones was not disabled. *Tr. 22-23*.

---

[2] As written in the decision, the meaning of this portion of the RFC is murky, but in the ALJ's discussion at the hearing, his meaning is clear. *Tr. 47-48*.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.   Ms. Smith-Jones' Arguments for Reversal

Ms. Smith-Jones contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ: (1) failed to assess the RFC on a function-by-function basis; (2) erred in evaluating the medical opinions; (3) failed to fully and fairly develop the record; (4) erred in assessing Ms. Smith-Jones' subjective complaints; and (5) erred in his step four determination about past relevant work.

4

*Doc. 8*. After carefully reviewing the record as a whole, I recommend affirming the Commissioner.

### C.    Analysis

#### 1.  RFC

Ms. Smith-Jones alleges that the ALJ erred because he did not list the function-by-function requirements of sedentary work in the RFC. *Doc. 8 at 3-4*. She argues that the ALJ did not specify the amount of walking, standing, sitting, pushing or pulling, that she could perform. *Id.*

The RFC began by stating that Ms. Smith-Jones could perform work at the sedentary exertional level, as defined by 20 C.F.R. § 404.1567(a). This regulation states that sedentary work:

> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R § 404.1567(a).[3]

The Eighth Circuit has held that the ALJ is "not required to mechanically list and reject every possible limitation." *Nash v. Comm'r of Soc. Sec. Admin.*, 907 F.3d 1086, 1090-91 (8th Cir. 2018) (quoting *McCoy v. Astrue*, 648 F.3d 605, 615 (8th

---

[3] Postural activities such as climbing, balancing, kneeling, crouching, or crawling are not usually required in sedentary work. Social Security Ruling ("SSR") 96-9p, at 7.

Cir. 2011)). As long as the ALJ discussed how the evidence in the record supports his RFC conclusion, he has met the requirements for establishing an RFC.[4] *See Menter v. Kijakazi*, No. 6:20-CV-003198-DGK, 2022 WL 188146, at *2 (W.D. Mo. Jan. 20, 2022) ("An ALJ complies with [the RFC regulation] even if he does not make explicit findings with respect to each functional limitation.").

The ALJ explained that while Ms. Smith-Jones had multiple knee surgeries, she admitted to improving after her first surgery and her pain mainly occurred during range of motion exercises at physical therapy. *Tr. 21, 474-488*. While Ms. Jones said that she needed a cane to walk, no assistive device was prescribed for any significant length of time (her surgeon recommended a cane and rolling walker directly after the first knee surgery). *Tr. 19, 818*. Her pain improved with muscle relaxers.[5] *Tr. 471*. Moreover, her doctor suggested that she exercise more.[6] *Tr. 472*. And Ms. Smith-Jones treated her conditions conservatively and infrequently after

---

[4] The ALJ bears the primary responsibility for assessing a claimant's RFC– that is, what he or she can still do, in spite of severe impairments. The finding must be based on all relevant evidence in the record. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) (citations omitted).

[5] Improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Duvall v. Bisignano*, No. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n.6 (E.D. Ark. July 1, 2025); *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992).

[6] A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. See *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

the knee surgeries.[7] Still, the ALJ assigned Ms. Smith-Jones a sedentary RFC, the least strenuous level of work.

Finally, the *Dictionary of Occupational Titles* ("DOT") description of Ms. Smith-Jones' past relevant work does not indicate that the jobs require more than sedentary exertional work. *See* DOT 169.167-062, 201.362.030.

The ALJ's decision adequately explained his RFC findings, and Ms. Smith-Jones has not shown ALJ error.

## 2. Evaluation of Medical Opinions

Ms. Smith-Jones contends that the ALJ erred in his evaluation of medical opinion evidence.[8] On December 21, 2022, Dr. Amanda Eberle conducted a consultative examination of Ms. Smith-Jones. *Tr. 20, 312-216.* Ms. Smith-Jones denied back pain and knee pain at the examination. *Tr. 313-315.* Dr. Eberle found

---

[7] *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (noting that only conservative treatment weighs against a finding of disability).

[8] On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." See 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c) (2017). Instead, ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 416.920c(c). An opinion is "more persuasive if it is supported by explanation and relevant objective medical evidence, and it is consistent with other evidence in record." *Norwood v. Kijakazi*, No. 21-3560, 2022 WL 1740785, at *1 (8th Cir. May 31, 2022) (unpublished per curiam) (citing 20 C.F.R. §§ 404.1520c(c), 416.920c(c)). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Phillips v. Saul*, No. 1:19-CV-00034-BD, 2020 WL 3451519, at *2 (E.D. Ark. June 24, 2020)

decreased range of motion in the cervical spine with normal range of motion in the bilateral knees and lumbar spine. *Id*. Ms. Smith-Jones had normal gait and station; was able to rise from sitting without assistance; could stand on tiptoes and heels, and tandem walk without problems; could not bend and squat; and had good muscle tone and strength. *Id*. X-ray imaging showed mild-to-moderate degenerative changes in the cervical spine, lumbosacral spine, and bilateral knees, with no fracture or dislocation.[9] *Id*.

Summarizing her findings, Dr. Eberle opined that Ms. Smith-Jones could sit, walk, and/or stand for a full workday with breaks as needed, but that she would have issues walking far distances; could lift and carry objects without limitations; might have issues with turning her neck in all directions; and could hold a conversation, respond appropriately to questions, carry out, and remember instructions. *Tr. 315*.

The ALJ found Dr. Eberle's opinion to be generally persuasive. *Tr. 22*. The ALJ supported his findings about Dr. Eberle's opinion with reference to the medical evidence and Dr. Eberle's own clinical findings, and he explained his conclusion. *Id*. Ms. Smith-Jones also states that the ALJ should have precluded bending and squatting in the RFC because Dr. Eberle noted her difficulty with those postural

---

[9] Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

movements. *Doc. 8 at 5-6*. However, an ALJ is not required to adopt a medical opinion line-by-line, and he may rely upon an opinion in full, in part, or not at all. See *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000); *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011); *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). The ALJ properly supported his findings on Dr. Eberle's opinion and was entitled to reject portions of the opinion. Notably, the ALJ limited Ms. Smith-Jones to a more restrictive RFC than that assessed by Dr. Eberle: sedentary work with some postural limitations. *Tr. 17-18*.

The ALJ also evaluated the state-agency medical experts' opinions. Dr. William Harrison reviewed the record in January 2023 at the initial level of review and opined that Ms. Smith-Jones was capable of medium level work. *Tr. 52-55*. The ALJ found this opinion generally unpersuasive, stating that Ms. Smith-Jones was more limited, due to knee impairments and multiple knee surgeries. *Tr. 21*. In June 2023, Dr. Joseph Michel opined that Ms. Smith-Jones could perform light work with postural limitations. *Tr. 63-65*. In June 2023, Dr. Graham Reid, a psychiatrist, found that Ms. Smith-Jones' alleged anxiety and depression were non-severe impairments. *Tr. 61-63*.

The ALJ found the opinions of Dr. Michel and Dr. Reid to be generally persuasive, and he gave good reasons for his conclusions. *Tr. 21-22*. He found that Ms. Smith-Jones <u>did</u> have severe mental impairments, although she did not treat

these conditions. *Tr. 16*. In spite of no mental health treatment, the ALJ still assessed mental restrictions in the RFC. *Tr. 18*. And although the ALJ noted that Ms. Smith-Jones was progressing well after her knee surgeries, he assigned an RFC for sedentary work, rather than the light work proposed by Dr. Michel. *Tr. 17-18*. The ALJ carefully explained why he found that Ms. Smith-Jones was more limited physically, harmonizing the RFC with the medical opinion evidence.

Additionally, Ms. Smith-Jones contends that she needed excess breaks at work based on Dr. Eberle's note that she may require "breaks as needed." *Tr. 315*. Dr. Eberle did not say that she needed "excess breaks," and the medical evidence does not suggest that excess breaks were required. Ms. Smith-Jones also claims that the ALJ should have added Dr. Michel's limitation to occasional crouching, but again, the ALJ was not required to incorporate all of the opinion's restrictions. And neither job identified by the VE required crouching, according to the DOT. *See* DOT 169.167-062; 201.362.030.

The ALJ properly evaluated the medical opinions.

### 3. Development of the Record

Ms. Smith-Jones asserts that the ALJ should have recontacted Dr. Eberle "for clarification."[10] *Doc. 8 at 7*. She claims that this was required because the ALJ did

---

[10] An ALJ has a basic duty to develop a reasonably complete record, but is required to recontact a treating or consulting physician or order further testing only if the medical records

not fully adopt any one medical opinion, and that the RFC assessment, therefore, lacks support. Contrary to Ms. Smith-Jones' suggestion, the ALJ was not required to base the RFC finding on any specific medical opinion, as noted above. Rather, the RFC finding is an administrative determination that is "based on all of the relevant evidence." *See* 20 C.F.R. § 404.1545. The ALJ fully explained the evaluations of the medical opinions, and the record contained sufficient evidence to support the ALJ's decision.

Ms. Smith-Jones' argument that the ALJ should have further developed the record has no merit.

### 4.  Evaluation of Subjective Complaints

Ms. Smith-Jones contends that the ALJ erred in how he evaluated her subjective complaints.[11] To the contrary, the ALJ discussed the nature of Ms. Smith-Jones' pain, the clinical exams, the medical imaging, and Ms. Smith-Jones' treatment. *Tr. 19-23*. The ALJ also addressed Ms. Smith-Jones' alleged limited ability to do daily activities, which resulted in the sedentary work limitation. *Id.*

---

presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011).

[11] When evaluating a claimant's subjective complaints, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id.* (internal citations omitted).

Finally, no doctor imposed functional work limitations on Ms. Smith-Jones. The ALJ concluded that Ms. Smith-Jones' claims of debilitating pain were inconsistent with the evidence in the record. *Tr. 18-19*.

Ample record evidence supported the ALJ's conclusions about Ms. Smith-Jones' subjective complaints.

### 5. Past Relevant Work

Based on VE testimony, the ALJ found that Ms. Smith-Jones could perform her past relevant work as a coordinator in skill training and as a secretary, as those jobs are generally performed in the national economy. *Tr. 22-23*. Ms. Smith-Jones now asserts that she could not perform these two jobs as actually performed. First, the burden is on the plaintiff at step four to show she cannot perform past relevant work. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012). Second, the VE can consider the demands of the claimant's past relevant work either as the claimant <u>actually</u> performed it, or as the job is <u>generally</u> performed in the national economy. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); *Wagner v. Astrue*, 499 F.3d 842, 853-54 (8th Cir. 2007); see also *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000) ("Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled."). Ms. Smith-Jones does not dispute the ALJ's finding that she could perform the past relevant work as it

was generally performed, and the VE's testimony that she could do the work was supported by the record. The ALJ was entitled to rely upon the VE's testimony at step four.

Ms. Smith-Jones also argues that a new agency regulation applies here: that regulation changed the past relevant work lookback period from the past 15 years to the past 5 years. *See* SSR 24-2p, 2024 WL 3291790. But the regulation took effect in June 2024, after the ALJ issued his decision in this case. *Id*. In any event, Ms. Smith-Jones worked as a secretary as recently as June 2022. *Tr. 22-23*.

The ALJ did not err at step four.

## IV.    Conclusion

The ALJ applied proper legal standards in evaluating Ms. Smith-Jones' claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 24 November 2025.

UNITED STATES MAGISTRATE JUDGE