**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MARY SMITH-JONES**                                                                    **PLAINTIFF**

**v.**                                        **Case No. 4:25-cv-00304-LPR**

**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**                                            **DEFENDANT**

**<u>ORDER</u>**

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Edie R. Ervin (Doc. 13) and the Plaintiff's Objections (Doc. 14). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD as its findings and conclusions in all respects.

This case presents a closer call than most other social security cases. Ms. Smith-Jones makes several reasonable arguments suggesting the Magistrate Judge got this wrong. Below, the Court takes the strongest of these arguments and explains why they do not prevail. (The other arguments are weaker and sufficiently rebutted by the RD, the underlying ALJ decision, or common sense.)

Ms. Smith-Jones objects to the RD's failure to address her arguments that the ALJ did not comply with 20 C.F.R. § 404.1520c and SSR 96-8p when assessing the medical opinions of record.[1] She argues that the ALJ failed to address the supportability factor with respect to the opinions from Dr. Harrison and Dr. Michel.[2] Be that as it may, however, reversal is not warranted on this basis because any such error was harmless.[3] Dr. Harrison opined that Ms. Smith-Jones

---

[1] Objections (Doc. 14) at 4–7; *see* Pl.'s Br. (Doc. 8) at 4–6.

[2] *See* 20 C.F.R. § 404.1520c(b)(2), (c)(1).

[3] *Cf. Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) (explaining that an error is not harmless, and thus requires reversal, when a court "'cannot determine whether the ALJ would have reached the same decision denying benefits,

could perform a full range of work at the medium exertional level, so there is certainly no indication that the ALJ would have decided the case differently had he properly addressed that opinion.[4]  And the only potential point of prejudice that Ms. Smith-Jones offers with respect to Dr. Michel's opinion is the ALJ's decision to limit her to frequent crouching, rather than occasional crouching.[5]  As the RD explained, however, neither of the jobs identified by the VE required crouching.[6]  The Court therefore finds no grounds for reversal on this basis.

Ms. Smith-Jones also argues that the ALJ should have included RFC limitations for excessive work breaks and the inability to bend and squat—or, at least, the ALJ should have explained why he wasn't adopting those limitations from Dr. Ederle's medical opinion.  But the Court agrees with the Commissioner that "Dr. Ederle never *opined* that Plaintiff had limitations in bending, squatting, stooping, or crouching."[7]  Thus, the ALJ did not commit legal error by failing to include such a limitation in the RFC.[8]  Furthermore, the Court agrees that Dr. Ederle's use of the phrase "with breaks as needed" does not necessarily equate to "excess breaks," so the Court cannot conclude the ALJ erred by failing to include additional breaks beyond those already accounted for in the RFC.

Lastly, Ms. Smith-Jones argues that the ALJ failed to adequately address whether her use of a cane was medically necessary.[9]  To establish that an assistive device is medically required,

---

even if she had followed the proper procedure' for considering and explaining the value of" a medical opinion (quoting *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003))).

[4] Tr. at 55.

[5] Objections (Doc. 14) at 5.

[6] RD (Doc. 13) at 10.

[7] Def.'s Br. (Doc. 12) at 6.

[8] Even if this did constitute legal error, Ms. Smith-Jones has failed to demonstrate that the error was not harmless, given that neither of the jobs identified by the VE required stooping, kneeling, crouching, or crawling according to the DOT.  *See id.*

[9] Objections (Doc. 14) at 8–9; Pl.'s Br. (Doc. 8) at 11–12.

"there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)."[10]   And the plaintiff bears the burden of establishing that the use of a cane is medically necessary.[11]

Ms. Smith-Jones points to multiple medical records that show she used a walker and/or cane following her knee surgeries in 2023.[12]   But that is not enough in the circumstances of this case.  In his decision, the ALJ specifically found that "there is no documented need of an assistive device to ambulate, nor is there any record of any such device being prescribed by a medical doctor or any documented medical need for such a device."[13]   The ALJ noted that the most recent medical evidence in the record showed that Ms. Smith-Jones "was observed to ambulate with a cane at the community level but had improved to where she could ambulate short distances without an assistive device."[14]   The ALJ added: "Of note, while the claimant was recommended a cane and rolling walker after the initial right knee total replacement surgery, there is no indication of a prescription for continued use of a cane for longer than a 12-month period, or for longer than would be needed for recovery from the knee replacement and remediations."[15]

In short, the ALJ did not base his medical-necessity conclusion on a lack of prescription alone.  Rather, he considered the January 2024 physical therapy notes showing the cane was no

---

[10] SSR 96-9p, at *7.

[11] *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant . . . .").

[12] Objections (Doc. 14) at 8–9; Pl.'s Br. (Doc. 8) at 11–12.

[13] Tr. at 16.

[14] Tr. at 19, 818.

[15] Tr. at 19.

longer necessary for ambulating short distances, coupled with the lack of any prescriptive orders demonstrating otherwise, in coming to his conclusion. Ms. Smith-Jones has not pointed the Court to evidence which meets both criteria discussed in SSR 96-9p. The Court therefore finds the ALJ's conclusion is supported by substantial evidence.

IT IS THEREFORE ORDERED that the Commissioner's decision is AFFIRMED, and Judgment will be entered for the Commissioner in this case.

DATED this 6th day of March 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE